1  **ROBERTS & KEHAGIARAS LLP**
   CAMERON W. ROBERTS, ESQ. (State Bar No. 176682)
2  cwr@tradeandcargo.com
   ANDREW D. KEHAGIARAS, ESQ. (State Bar No. 207767)
3  adk@tradeandcargo.com
   5777 West Century Boulevard, Suite 1410
4  Los Angeles, CA  90045
   Telephone: (310) 642-9800
5  Facsimile: (310) 868-2923

6  Attorneys for defendant SEA TRADE INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| SOMPO JAPAN INSURANCE, INC., | ) **Case No. CV 07 5848 EDL** |
|---|---|
| Plaintiff, | ) **SEA TRADE INTERNATIONAL, INC.'S ANSWER TO THE PLAINTIFF'S COMPLAINT** |
| vs. | ) |
| SEA TRADE INTERNATIONAL, INC., | ) |
| Defendant. | ) |

COMES NOW defendant Sea Trade International, Inc. ("Sea Trade"), and in response to the complaint of plaintiff Sompo Japan Insurance, Inc. (the "plaintiff"), Sea Trade responds and alleges as follows:

1.   Sea Trade is without sufficient information or knowledge to form a belief as to the allegations of paragraph 1 of the plaintiff's complaint, and on that basis, denies those allegations in their entirety.

2. Sea Trade is without sufficient information or knowledge to form a belief as to the allegations of paragraph 2 of the plaintiff's complaint, and on that basis, denies those allegations in their entirety.

3. Sea Trade admits the allegations of paragraph 3 of the plaintiff's complaint.

4. Sea Trade denies the allegations of paragraph 4 of the plaintiff's complaint.

5. Sea Trade denies the allegations of paragraph 5 of the plaintiff's complaint.

6. Sea Trade is without sufficient information or knowledge to form a belief as to the allegations of paragraph 6 of the plaintiff's complaint, and on that basis, denies those allegations in their entirety.

7. Sea Trade is without sufficient information or knowledge to form a belief as to the allegations of paragraph 7 of the plaintiff's complaint, and on that basis, denies those allegations in their entirety.

8. Sea Trade is without sufficient information or knowledge to form a belief as to the allegations of paragraph 8 of the plaintiff's complaint, and on that basis, denies those allegations in their entirety.

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

**FIRST AFFIRMATIVE DEFENSE**

9.  The complaint fails to state facts sufficient to constitute a cause of action against Sea Trade.

**SECOND AFFIRMATIVE DEFENSE**

10.  The plaintiff, its subrogors, agents, representatives and/or predecessors-in-interest did not exercise ordinary care, caution, or prudence to avoid the alleged loss or damage and the alleged loss or damage, if any, sustained by the plaintiff was proximately caused and contributed by the negligence and fault of the plaintiff, its agents, representatives, and/or predecessors-in-interest.  Said negligence and fault bars the plaintiff's recovery from Sea Trade or comparatively reduces the percentage of fault, if any, of Sea Trade.

**THIRD AFFIRMATIVE DEFENSE**

11. Sea Trade is informed and believes and thereon alleges that the alleged loss or damage, if any, was caused by the fault and neglect of third parties for whom Sea Trade is not responsible or liable.  Said fault and neglect comparatively reduces the percentage of fault, if any, of Sea Trade.

**FOURTH AFFIRMATIVE DEFENSE**

12.  The plaintiff, its subrogors, agents, representatives and/or predecessors-in-interest failed to mitigate their alleged damages and the plaintiff's recovery in this action, if any, should reflect a diminution in a sum equivalent to that

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1  portion of the plaintiff's damages that the plaintiff, its
2  subrogors, agents, representatives and/or predecessors-in-
3  interest could have mitigated.

**FIFTH AFFIRMATIVE DEFENSE**

13. If any loss or damage did occur to the subject cargo, none of said loss or damage was caused or contributed to by any fault or neglect on the part of Sea Trade, but rather from a cause or causes from which Sea Trade is expressly exempted and/or limited from responsibility under the applicable laws and/or terms and conditions of the contract(s) applicable to the transportation and/or handling of the subject cargo, including, but not limited to, a contractual limitation of liability. Sea Trade claims the benefit of each and every provision contained in said laws and/or contract(s) and requests leave to amend this answer and to offer proof thereof when Sea Trade becomes more fully advised of the details concerning the alleged loss or damage.

**SIXTH AFFIRMATIVE DEFENSE**

14. The Carriage of Goods by Sea Act ("COGSA"), Apr. 16, 1936, ch. 229, 49 Stat. 1207, *reprinted in* note following 46 U.S.C. § 30701, is applicable to the bill(s) of lading covering the transportation of the subject cargo.

15. Sea Trade claims the benefit and each and every provision of COGSA. Sea Trade is not presently fully advised of the nature and cause of the alleged loss or damage to the

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1 subject cargo, if any, but requests leave to amend this answer
2 when Sea Trade becomes more fully advised, and to offer proof
3 accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

16. Section 4(2) of COGSA states in relevant part:

> Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from—
>
> . . .
>
> (q) Any other cause arising without the actual privity of the carrier and without the fault or negligence of the agents or servants of the carrier .
>
> . ..

17. Sea Trade is informed and believes and on such information and belief alleges that the loss or damage to the subject cargo, if any, arose or resulted from a cause or causes arising without the actual fault or neglect of the carrier or its agents or servants. Sea Trade requests leave to amend this answer when more fully advised and to offer proof accordingly.

**EIGHTH AFFIRMATIVE DEFENSE**

18. In the absence of compulsorily-applicable law to the contrary, Sea Trade shall be discharged of all liability if suit is not brought within nine (9) months after the delivery of the subject cargo, or the date when the subject cargo should have been delivered under the terms of the bill(s) of lading at issue in this case.

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

### NINTH AFFIRMATIVE DEFENSE

19. The plaintiff is not entitled to recover from Sea Trade because the loss and/or damage that the plaintiff has alleged occurred through no fault or negligence of Sea Trade.

### TENTH AFFIRMATIVE DEFENSE

20. Sea Trade is not liable for special or consequential damages under Sea Trade's bill of lading, terms and conditions of service, tariff, and/or at common law.

### ELEVENTH AFFIRMATIVE DEFENSE

21. The plaintiff is estopped from claiming the damages that it has alleged from Sea Trade.

### TWELFTH AFFIRMATIVE DEFENSE

22. The plaintiff has waived all rights, if any, that the plaintiff may have to seek relief from Sea Trade.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. Sea Trade alleges that the plaintiff's action is barred under the equitable doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

24. The plaintiff lacks standing to sue Sea Trade because, *inter alia*, the plaintiff is not the owner of the subject cargo.

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

25.  Sea Trade claims the benefit of any other party's applicable bill of lading, waybill, terms and conditions of service, tariff, and/or special contract, which Sea Trade incorporates herein by reference.  Sea Trade requests leave to amend this answer when Sea Trade becomes more fully advised of the details concerning the alleged loss or damage.

**SIXTEENTH AFFIRMATIVE DEFENSE**

26.  Sea Trade claims the benefit of any law and/or jurisdiction clause contained in any defendant's or other third party's applicable bill of lading, waybill, terms and conditions of service, tariff, and/or special contract, which Sea Trade incorporates herein by reference.  Sea Trade requests leave to amend this answer when Sea Trade becomes more fully advised of the details concerning the alleged loss or damage.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

27. Sea Trade claims the benefit of any compulsorily-applicable foreign law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

28. The plaintiff is barred from any recovery from Sea Trade because the plaintiff, its subrogors, agents, and/or their representatives failed to meet a contractual condition precedent by failing to file a timely written notice of claim under the terms and conditions of the applicable contract(s), including, without limitation, bill(s) of lading covering the

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

transportation, storage, and/or handling of the subject cargo. Sea Trade claims the benefit of such terms and conditions in said contract(s), incorporates the same herein by reference, and requests leave to amend this answer and to offer proof thereof when Sea Trade becomes more fully advised of the details of the alleged loss or damage, and the plaintiff is therefore barred from any recovery from Sea Trade.

### **NINTEENTH AFFIRMATIVE DEFENSE**

29. The plaintiff's action against Sea Trade is barred under the applicable statute of limitations and/or contractual limitations provision.

WHEREFORE, SEA TRADE prays as follows:

1. That the Court dismiss the plaintiff's complaint;

2. That the Court enter judgment for Sea Trade and against the plaintiff;

3. That Sea Trade recover from the plaintiff its costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: January 17, 2008        **ROBERTS & KEHAGIARAS LLP**


By: _____
    Andrew D. Kehagiaras
    Attorneys for defendant
    SEA TRADE INTERNATIONAL, INC.

Z:\Sea Trade\Bremen Bridge\Answer.doc                               ANSWER