1  Marilyn Raia, SBN 072320
   E-mail: marilyn.raia@bullivant.com
2  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
3  San Francisco, California  94108
   Telephone: 415.352.2700
4  Facsimile: 415.352.2701

5  Attorneys for Plaintiff Sompo Japan Insurance Inc.

6  Andrew D. Kehagiaras, SBN 207767
   Roberts & Kehagiaras LLP
7  5777 West Century Boulevard, Suite 1410
   Los Angeles, CA 90045
8  Telephone:  (310) 642-9800
   Facsimile:  (310) 868-2923
9
   Attorneys for Defendant and Third-Party Plaintiff
10 Sea Trade International, Inc.

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14

| | |
|---|---|
| SOMPO JAPAN INSURANCE INC. , | Case No.: 07 CV 5848 EDL |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Date: February 26, 2008 |
| SEA TRADE INTERNATIONAL INC. , | Time: 3:00 PM |
| Defendant. | Place: Courtroom E |
| AND RELATED CROSS-ACTIONS | |

22          Plaintiff and defendant submit the following joint case management conference

23  statement:

24      **1.      Jurisdiction and Service**

25          The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1333

26  because it is an admiralty maritime complaint for damage to ocean cargo.  All parties have been

27  served although the cross defendants have not yet appeared.

28

6093214.1                          – 1 –

1     **2.     Facts**

2         This is a subrogation action for damage to a shipment of frozen sardines.  The shipment

3     was transported aboard the M.V. BREMEN BRIDGE from Tacoma, WA to Tokyo, Japan.

4     Defendant Sea Trade International issued a bill of lading governing the transportation of the

5     shipment.

6         The shipment was transported in five 40' refrigerated containers.  The shipment was

7     loaded into the containers in Forest Grove, OR.  The loaded containers were then transported by

8     truck to Portland, OR and then by rail to Tacoma, WA.

9         The shipment departed Tacoma, WA on or about October 7, 2006.  It arrived in Tokyo,

10    Japan on or about October 18, 2006 and was unloaded from the containers at two bonded cold

11    storage facilities on October 26, 2006.

12        When the shipment was unloaded, it was placed into cold storage and held at -25°C for

13    two months.  Subsequently, the portion of the shipment in one of the containers was found to be

14    sound but the portion of the shipment in the other four containers was found to be heavily

15    damaged.  It could not be processed as originally intended.  The attending marine surveyor

16    attributed the damage to "improper high temperature due to some cooling trouble in transit", i.e.

17    improper refrigeration.

18        The product was sold for salvage with a return of only ¥ 446,600.  Plaintiff paid its

19    insured, the owner of the sardines, ¥ 8,567,868 on account of the damage or approximately US

20    $77,125.47 @ .0900171.

21        Plaintiff seeks the amount that it paid to its insured, from defendant.  Defendant, in turn,

22    has filed a third party complaint against the carriers that actually transported the shipment,

23    Cosco and Union Pacific.  (Parenthetically it must be noted that defendant is investigating

24    whether Union Pacific or another rail carrier actually transported the shipment between Portland

25    and Tacoma).

26    **3.     Legal Issues**

27        Whether plaintiff can establish a prima facie case of liability under the US Carriage of

28    Goods by Sea Act 46 USC 30701 note.  Plaintiff contends that with testimony from the shipper

1  in Forest Grove, OR and from the consignee in Japan, it can establish that the shipment was
2  damaged in transit.

3       Defendant contends that various defenses apply to preclude a finding of liability
4  including defenses found in the US Carriage of Goods by Sea Act 46 USC 30701 note and
5  defenses found in the bill of lading is terms and conditions.

6  **4.    Motions**

7       Defendant may bring a dispositive motion.

8  **5.    Amendment of Pleadings**

9       If defendant determines that Union Pacific was not the actual carrier of the shipment by
10  rail from Portland to Tacoma, it will amend its third party complaint to include the actual carrier
11  as a third party defendant.

12  **6.    Evidence Preservation**

13       There is an issue as to whether the records reflecting the temperatures maintained in the
14  shipping containers have been preserved by Cosco.

15  **7.    Disclosures**

16       Will be done as completely as possible in a timely manner.

17  **8.    Discovery**

18       None to date.

19  **9.    Class Actions**

20       Not applicable.

21  **10.    Related Cases**

22       None.

23  **11.    Relief**

24       Plaintiff seeks to recover the amount that it paid to its insured, the owner of the
25  shipment. That amount is set forth in the subrogation receipt as ¥ 8,567,868. Plaintiff also
26  seeks prejudgment interest from October 26, 2006 and costs of suit. Defendant seeks indemnity
27  from the third party defendants.

28

**12.    Settlement and ADR**

The parties (plaintiff and defendant) have stipulated to mediation and the Court has ordered the action to mediation in the Courts' ADR program.  Plaintiff has already informally provided pertinent documentation to defense counsel and defense counsel expects to informally provide relevant documentation to plaintiff's counsel.

**13.    Consent to Magistrate Judge for All Purposes**

Plaintiff and defendant are agreeable to having the matter assigned to Magistrate Judge LaPorte for all purposes.

**14.    Other References**

None needed at this time.

**15.    Narrowing of Issues**

Not needed at this time.

**16.    Expedited Schedule**

Not feasible at this time because third party defendants have not appeared in the action.

**17.    Scheduling**

| | |
|---|---|
| Designation of Experts | August 30, 2008 |
| Discovery c/o | September 30, 2008 |
| Dispositive Motion Leaving | September 30, 2008 |
| Pretrial Conference | October 20, 2008 |
| Trial | November 10, 2008 |

**18.    Trial**

This action will be tried to the Court because it is an admiralty-maritime matter.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiff and defendant have already filed their disclosures.

///

///

///

///

6093214.1

JOINT CASE MANAGEMENT STATEMENT

1  DATED:  February 19, 2008

2                                         BULLIVANT HOUSER BAILEY PC

3

4                                         By _____
                                              Marilyn Raia
5
                                          Attorneys for Plaintiff Sompo Japan Insurance Inc.
6

7  DATED:  February 19, 2008

8                                         ROBERTS & KEHAGIARAS LLP

9

10                                        By _____
                                             Andrew D. Kehagiaras
11
                                          Attorneys for Defendant Sea Trade International,
12                                        Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6093214.1
JOINT CASE MANAGEMENT STATEMENT