Leslie G. McMurray, Esq., S.B. No. 156263
LAW OFFICES OF LESLIE G. MURRAY
12520 Magnolia Blvd., Suite 206
Valley Village, CA 91607-3446
(818) 505-9902; (818) 505-1366 [Fax]
lmcmurray@mcmurray-law.com

Raymond J. Hasiak, Neb. S.B. No. 16462
1400 Douglas Street, Stop 1580
Omaha, NE 68179
(402) 544-3052
RJHasiak@up.com
Counsel for Defendant
UNION PACIFIC RAILROAD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO DIVISION

| | |
|---|---|
| SOMPO JAPAN INSURANCE, INC.,<br>    Plaintiff,<br>vs.<br><br>SEA TRADE INTERNATIONAL, INC.,<br>    Defendant.<br>_____<br><br>SEA TRADE INTERNATIONAL, INC.,<br><br>    Third-Party Plaintiff,<br>vs.<br><br>COSCO CONTAINER LINES CO., LTD.;<br>COSCO CONTAINER LINES AMERICAS,<br>INC.; COSCO LOGISTICS (AMERICAS)<br>INC.; INTERMODAL BRIDGE<br>TRANSPORT, INC; UNION PACIFIC<br>RAILROAD COMPANY, and ROES 1<br>through 10, inclusive,<br><br>    Third-Party Defendants.<br>_____ | Case No. 07 CV 5848 EDL<br><br>[Assigned to Honorable Elizabeth D. Laporte]<br><br>**ANSWER OF THIRD PARTY DEFENDANT UNION PACIFIC RAILROAD COMPANY** |

1

ANSWER OF UNION PACIFIC RAILROAD COMPANY

COMES NOW, THIRD PARTY Defendant, Union Pacific Railroad Company (hereinafter "UP") for its Answer to Plaintiff's Third Party Complaint states and alleges as follows:

1. UP admits the allegations contained in paragraph 1 of the Complaint.

2. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraphs 2-6 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

3. UP admits the allegations contained in paragraph 7 as to the extent that they admit that UP is a Utah corporation with its principal place in Omaha, Douglas County, Nebraska, and is authorized to do business in the State of California and is engaged in the rail freight carriage business.

4. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraphs 8-10 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

5. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies the same and leaves Plaintiff to its proof. UP denies the allegation that UP was negligent or in breach of contract or in some other actionable manner legally responsible for events and happenings

referred to in Sompo's Complaint, and for proximately cause damages and or loss incurred by Sompo. UP further denies the rest of the allegations contained in such paragraph.

6. UP repeats and realleges its responses to paragraphs 1-5 of the Complaint as its response to paragraph 12.

7. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies the same and leaves Plaintiff to its proof. UP further denies the allegation that UP was negligent or other actionable conduct as a Third-Party Defendant.

8. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraphs 14-15 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

9. UP repeats and realleges its responses to paragraphs 1-8 of the Complaint as its response to paragraph 16.

10. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies the same and leaves Plaintiff to its proof. UP further denies the allegation that UP was negligent or other actionable conduct as a Third-Party Defendant.

11. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraphs 18-20 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

12. UP repeats and realleges its responses to paragraphs 1-11 of the Complaint as its response to paragraph 21.

13. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the Complaint and therefore denies the same and leaves Plaintiff to its proof. UP denies allegations that were negligent or other actionable conduct or activity as a Third-Party Defendant.

14. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraphs 23-25 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. To the extent that the Plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. To the extent that Plaintiff failed to file suit within the period proscribed,

4

ANSWER OF UNION PACIFIC RAILROAD COMPANY

this lawsuit is time barred.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

15. The Complaint fails to state a claim against UP on which relief may be granted and to properly identify the shipment.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

16. In the event that the Plaintiff had not or has no title or interest in the shipment that is the subject of this action, then the Plaintiff is not the real party in interest an is not entitled to maintain this suit.

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

17. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, the Plaintiff may not recover in excess of such limitations.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

18. Plaintiff's common law claims are preempted by federal law.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

19. The bill of lading, tariffs and classifications and the governing publications

do not contemplate responsibility for special damages. To the extent, that Plaintiff seeks recovery for special damages, UP is not responsible.

WHEREFORE, defendant Union Pacific Railroad Company demands judgment; (1) dismissing the Complaint with prejudice, together with the costs, disbursements and reasonable attorneys fees; and (2) for such other or different relief as this Court may deem just and proper.

Dated: Feb. 20, 2008           BY: _____
                                   Leslie G. McMurray, Esq.
                                   LAW OFFICES OF LESLIE G. MURRAY
                                   12650 Magnolia Blvd., Suite 206
                                   Valley Village, CA 91607-3446
                                   (818) 505-9902
                                   Attorney for Defendant

                                   and

                                   Raymond J. Hasiak #16462
                                   1400 Douglas Street, Stop 1580
                                   Omaha, NE 68179
                                   (402) 544-3052
                                   Attorney for Defendant

6

ANSWER OF UNION PACIFIC RAILROAD COMPANY