**ROBERTS & KEHAGIARAS LLP**
CAMERON W. ROBERTS, ESQ. (State Bar No. 176682)
cwr@tradeandcargo.com
ANDREW D. KEHAGIARAS, ESQ. (State Bar No. 207767)
adk@tradeandcargo.com
5777 West Century Boulevard, Suite 1410
Los Angeles, CA  90045
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for defendant and third-party plaintiff
SEA TRADE INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| SOMPO JAPAN INSURANCE, INC., | **Case No. CV 07 5848 EDL** |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER RE: LEAVE FOR SEA TRADE INTERNATIONAL, INC. TO FILE A FIRST AMENDED THIRD-PARTY COMPLAINT** |
| vs. | |
| SEA TRADE INTERNATIONAL, INC., | [Fed. R. Civ. P. 15(a)(2)] |
| Defendant. | |
| SEA TRADE INTERNATIONAL, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| COSCO CONTAINER LINES CO., LTD.; COSCO CONTAINER LINES AMERICAS, INC.; COSCO LOGISTICS (AMERICAS) INC.; INTERMODAL BRIDGE TRANSPORT, INC.; UNION PACIFIC RAILROAD COMPANY; and ROES 1 through 10, inclusive, | |
| Third-Party Defendants. | |

**TO THE HONORABLE COURT:**

COME NOW defendant and third-party plaintiff Sea Trade International, Inc. ("Sea Trade") and third-party defendants COSCO Container Lines Co., Ltd., COSCO Container Lines Americas, Inc., COSCO Logistics (Americas) Inc., and Intermodal Bridge Transport, Inc. (collectively, the "COSCO Entities") and hereby stipulate to the Court's grant of leave to Sea Trade to file a first amended third-party complaint. A true and correct copy of Sea Trade's proposed first amended third-party complaint is attached hereto as Exhibit "A."

As counsel for Sea Trade stated to the Court at the initial case management conference of February 26, 2008, Sea Trade investigated the propriety of the dismissal of then third-party defendant Union Pacific Railroad Company ("UP"), based on its counsel's representations that UP did not transport the subject cargo. Counsel for Sea Trade learned that UP did not transport the subject cargo from Portland, Oregon to Tacoma, Washington, and that in fact, that transportation was not by rail at all. Counsel for Sea Trade learned that the aforementioned inland transportation was by truck, and that the motor carrier was proposed third-party defendant Edgmon & Son Trucking LLC ("Edgmon").

Based on the foregoing, Sea Trade's first amended third-party complaint set forth the identical causes of action and it will still name the COSCO Entities, and in addition, it will name Edgmon as a third-party defendant. UP will no longer be a

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

third-party defendant, further to the parties' stipulation to dismiss UP under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which Sea Trade filed on April 14, 2008.

Dated: April 16, 2008     **ROBERTS & KEHAGIARAS LLP**

By: _____
Andrew D. Kehagiaras
Attorneys for defendant and third-party plaintiff SEA TRADE INTERNATIONAL, INC.

Dated: April 16, 2008     **KEESAL, YOUNG & LOGAN**

By: _____
Margaret A. DeGooyer
Attorneys for third-party defendants COSCO CONTAINER LINES CO., LTD., COSCO CONTAINER LINES AMERICAS, INC., COSCO LOGISTICS (AMERICAS) INC., and INTERMODAL BRIDGE TRANSPORT, INC.

## [PROPOSED] ORDER

Good cause appearing, the Court hereby grants leave to Sea Trade to file a first amended third-party complaint, which Sea Trade shall do within three Court days of this order.

IT IS SO ORDERED.

Dated: _____, 2008     _____
Hon. Elizabeth D. Laporte
United States Magistrate Judge

Z:\Sea Trade\Bremen Bridge\Stip Re Amended TPC.doc     STIP. RE: LEAVE TO FILE AMENDED TPC

1 | third-party defendant, further to the parties' stipulation to
2 | dismiss UP under Federal Rule of Civil Procedure
3 | 41(a)(1)(A)(ii), which Sea Trade filed on April 14, 2008.

5 | Dated: April 16, 2008          **ROBERTS & KEHAGIARAS LLP**

7 | By: _____
8 | Andrew D. Kehagiaras
  | Attorneys for defendant and
9 | third-party plaintiff SEA TRADE
  | INTERNATIONAL, INC.

11 | Dated: April 16, 2008          **KEESAL, YOUNG & LOGAN**

13 | By: /s/ M A DeGooyer
14 | Margaret A. DeGooyer
   | Attorneys for third-party
15 | defendants COSCO CONTAINER LINES
   | CO., LTD., COSCO CONTAINER LINES
16 | AMERICAS, INC., COSCO LOGISTICS
   | (AMERICAS) INC., and INTERMODAL
17 | BRIDGE TRANSPORT, INC.

### [PROPOSED] ORDER

Good cause appearing, the Court hereby grants leave to Sea Trade to file a first amended third-party complaint, which Sea Trade shall do within three Court days of this order.

IT IS SO ORDERED.

Dated: _____, 2008          _____
                                 Hon. Elizabeth D. Laporte
                                 United States Magistrate Judge

**EXHIBIT "A"**

**ROBERTS & KEHAGIARAS LLP**
CAMERON W. ROBERTS, ESQ. (State Bar No. 176682)
cwr@tradeandcargo.com
ANDREW D. KEHAGIARAS, ESQ. (State Bar No. 207767)
adk@tradeandcargo.com
5777 West Century Boulevard, Suite 1410
Los Angeles, CA  90045
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for defendant and third-party plaintiff
SEA TRADE INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SOMPO JAPAN INSURANCE, INC., <br><br>             Plaintiff, <br><br>       vs. <br><br> SEA TRADE INTERNATIONAL, INC., <br><br>             Defendant. <br>_____ <br> SEA TRADE INTERNATIONAL, INC., <br><br>             Third-Party <br>             Plaintiff, <br><br>       vs. <br><br> COSCO CONTAINER LINES CO., LTD.; COSCO CONTAINER LINES AMERICAS, INC.; COSCO LOGISTICS (AMERICAS) INC.; INTERMODAL BRIDGE TRANSPORT, INC.; EDGMON & SON TRUCKING LLC; and ROES 1 through 10, inclusive, <br><br>             Third-Party <br>             Defendants. | **Case No. CV 07 5848 EDL** <br><br> **SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT** <br><br> [Fed. R. Civ. P. 14(a), (c)] |

COMES NOW defendant and third-party plaintiff Sea Trade International, Inc. ("Sea Trade") and alleges as follows:

**JURISDICTION**

1.  This Court has supplemental jurisdiction over this first amended third-party complaint because third-party defendants COSCO Container Lines Co., Ltd., COSCO Container Lines Americas, Inc., COSCO Logistics (Americas) Inc., Intermodal Bridge Transport, Inc., and/or Edgmon & Sons Trucking LLC are or may be liable to Sea Trade or Sompo Japan Insurance, Inc. ("Sompo") for all or part of the claims asserted against Sea Trade in Sompo's complaint (the "complaint") in the above-captioned action. *See* Fed. R. Civ. P. 14(a) and (c), 28 U.S.C. § 1367(a).

**GENERAL ALLEGATIONS**

2.  Sea Trade is, and at all material times herein was, a corporation duly organized and existing according to law.

3.  Sea Trade is informed and believes, and thereon alleges, that third-party defendant COSCO Container Lines Co., Ltd. is, and at all times relevant herein, was a business entity authorized to do business or doing business in this Judicial District and/or in interstate and international commerce.

4.  Sea Trade is informed and believes, and thereon alleges, that third-party defendant COSCO Container Lines

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1  Americas, Inc. is, and at all times relevant herein, was a
2  business entity authorized to do business or doing business in
3  this Judicial District and/or in interstate and international
4  commerce.

6   5.   Sea Trade is informed and believes, and thereon
7  alleges, that third-party defendant COSCO Logistics (Americas)
8  Inc. is, and at all times relevant herein, was a business
9  entity authorized to do business or doing business in this
10 Judicial District and/or in interstate and international
11 commerce.

13   6.   Sea Trade is informed and believes, and thereon
14 alleges, that third-party defendant Intermodal Bridge
15 Transport, Inc. is, and at all times relevant herein, was a
16 business entity authorized to do business or doing business in
17 this Judicial District and/or in interstate and international
18 commerce.

20   7.   Sea Trade is informed and believes, and thereon
21 alleges, that third-party defendant Edgmon & Sons Trucking LLC
22 is, and at all times relevant herein, was a business entity
23 authorized to do business or doing business in this Judicial
24 District and/or in interstate and international commerce.

26   8.   Sea Trade does not know the true names and capacities
27 of the third-party defendants sued herein as Roes 1 through 10,
28 inclusive.  Sea Trade will amend or seek leave to amend its

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

third-party complaint to allege said third-party defendants' true names and capacities as soon as Sea Trade ascertains the same.

9. Sea Trade is informed and believes, and thereon alleges, that at all times mentioned herein, third-party defendants COSCO Container Lines Co., Ltd., COSCO Container Lines Americas, Inc., COSCO Logistics (Americas) Inc., Intermodal Bridge Transport, Inc., Edgmon & Sons Trucking LLC, and Roes 1 through 10, inclusive, and each of them, were and have been agents, servants, employers, and/or employees of each of the other third-party defendants, and each of them, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action.

10. Sompo has filed its complaint in this Court against Sea Trade alleging that it has caused damage to Sompo. Sea Trade has responded to Sompo's complaint by denying any liability on its part and by asserting various affirmative defenses.

11. Sea Trade is informed and believes, and thereon alleges, that third-party defendants COSCO Container Lines Co., Ltd., COSCO Container Lines Americas, Inc., COSCO Logistics (Americas) Inc., Intermodal Bridge Transport, Inc., Edgmon & Sons Trucking LLC, and Roes 1 through 10, inclusive (collectively, the "Third-Party Defendants"), were negligent or in breach of contract or in some other actionable manner

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

legally responsible for the events and happenings referred to in Sompo's complaint, and for proximately causing the damages and/or loss incurred by Sompo, as it has alleged in its complaint. Accordingly, Sea Trade demands relief for itself, as set forth herein and/or judgment against the Third-Party Defendants and in favor of Sompo.

**FIRST CAUSE OF ACTION**

**Indemnification Against the Third-Party Defendants**

12. Sea Trade realleges and incorporates by reference paragraphs 1 through 11, inclusive, of its first amended third-party complaint.

13. Sea Trade is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in Sompo's complaint. But if Sea Trade is nevertheless found liable under any legal theory for any damages or injuries alleged in the complaint, then Sea Trade is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendants, and each of them, was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of Sea Trade, if any, was, at most, only passive, derivative, and secondary.

14. Accordingly, if Sea Trade is held liable for any part of the claims asserted against it, Sea Trade is entitled to total indemnification from the Third-Party Defendants, and each

of them, so that Sea Trade can recoup from and be reimbursed by the Third-Party Defendants, and each of them, any sum or sums that Sea Trade must pay to Sompo or to any other party to this action.

15. By reason of the foregoing allegations, Sea Trade has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages. Sea Trade will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, Sea Trade seeks and is entitled to be indemnified and held harmless by the Third-Party Defendants, and each of them, for Sea Trade's attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to Sea Trade, which prays for leave to amend its third-party complaint to assert the true amount of such expenses when Sea Trade has finally ascertained the same.

## SECOND CAUSE OF ACTION
## Partial Equitable Indemnification
## Against the Third-Party Defendants

16. Sea Trade realleges and incorporates by reference paragraphs 1 through 15, inclusive, of its first amended third-party complaint.

17. Sea Trade is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in Sompo's complaint. But if Sea Trade is nevertheless found liable under any legal theory for any damages or injuries alleged in the complaint, then Sea Trade is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendants, and each of them, was, at least in part, the contributing and substantial proximate cause of Sompo's damages and injuries, if any.

18. By reason of the foregoing allegations, Sea Trade will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

19. Accordingly, if Sea Trade were to be held liable for any part of the claims asserted against it, Sea Trade would be entitled to partial equitable indemnification by the Third-Party Defendants, and each of them, in proportion those parties' share of the liability, so that Sea Trade would avoid payment of any sum or sums to Sompo or any other party, or any sum in excess of Sea Trade's proportionate share of liability, if any.

20. By reason of the foregoing allegations, Sea Trade has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys'

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1 fees, court costs, expenses, and damages.  Sea Trade will also
2 likely incur future additional attorneys' fees, court costs,
3 expenses, and damages by reason of any judgment or settlement
4 with any party to this action.  Based on the foregoing, Sea
5 Trade seeks and is entitled to be indemnified and held
6 harmless, at least in part, by the Third-Party Defendants, and
7 each of them, for Sea Trade's attorneys' fees, court costs,
8 expenses, and damages incurred, paid, and/or owing.  The
9 aforementioned expenses are continuing and the aggregate amount
10 is not presently known to Sea Trade, which prays for leave to
11 amend its third-party complaint to assert the true amount of
12 such expenses when Sea Trade has finally ascertained the same.

**THIRD CAUSE OF ACTION**

**Contribution Against the Third-Party Defendants**

16    21. Sea Trade realleges and incorporates by reference
17 paragraphs 1 through 20, inclusive, of its first amended third-
18 party complaint.

20    22. Sea Trade is informed and believes, thereon alleges,
21 that it is in no way responsible for the injuries or damages
22 alleged in Sompo's complaint.  But if Sea Trade is nevertheless
23 found liable under any legal theory for any damages or injuries
24 alleged in the complaint, then Sea Trade is informed and
25 believes, and thereon alleges, that the negligent or other
26 actionable conduct or activity of the Third-Party Defendants,
27 and each of them, was the contributing and substantial
28 proximate cause of Sompo's damages and injuries, if any.

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

23. By reason of the foregoing allegations, Sea Trade will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

24. Accordingly, if Sea Trade were to be held liable for any part of the claims asserted against it, Sea Trade would be entitled to contribution by the Third-Party Defendants, and each of them, in proportion those parties' share of the liability, so that Sea Trade would avoid payment of any sum or sums to Sompo's or any other party, or any sum in excess of Sea Trade's proportionate share of liability, if any.

25. By reason of the foregoing allegations, Sea Trade has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages. Sea Trade will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, Sea Trade seeks and is entitled to be indemnified and held harmless by the Third-Party Defendants, and each of them, for Sea Trade's attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to Sea Trade, which prays for leave to amend its third-party complaint to assert the true amount of such expenses when Sea Trade has finally ascertained the same.

WHEREAS, Sea Trade prays for judgment on its first amended third-party complaint as follows:

1. For a judgment against the Third-Party Defendants, and each of them, and in favor of Sompo;

2. For a judgment against the Third-Party Defendants, and each of them, by way of total indemnification for any sum adjudged against Sea Trade, if any, in favor of Sompo or any other party herein;

3. For a judgment against the Third-Party Defendants, and each of them, by way of contribution and/or partial equitable indemnification, according to proof of contributory and/or comparative liability for any sum adjudged against Sea Trade, if any, in favor of Sompo, or any other parties herein, which sum is in excess of the proportionate share of Sea Trade's liability, if any, as assessed by the trier of fact;

4. For a judgment against the Third-Party Defendants, and each of them, for Sea Trade's attorneys' fees, court costs, expenses, and damages incurred in the litigation against Sompo and other parties, and expense and other costs of suit incurred herein; and

///
///
///
///
///

5. For such other and further relief as the Court deems just and proper.

Dated: April __, 2008        **ROBERTS & KEHAGIARAS LLP**


By: _____
Andrew D. Kehagiaras
Attorneys for defendant and third-party plaintiff SEA TRADE INTERNATIONAL, INC.