Marilyn Raia, SBN 072320
E-mail: marilyn.raia@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff Sompo Japan Insurance Inc.

Andrew D. Kehagiaras, SBN 207767
Roberts & Kehagiaras LLP
5777 West Century Boulevard, Suite 1410
Los Angeles, CA 90045
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for Defendant and Third-Party Plaintiff
Sea Trade International, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SOMPO JAPAN INSURANCE INC., <br><br> Plaintiff, <br><br> vs. <br><br> SEA TRADE INTERNATIONAL INC., <br><br> Defendant. | Case No.: 07 CV 5848 EDL <br><br> **UPDATED JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: April 29, 2008 <br> Time: 10:00AM <br> Place: Courtroom E |
| AND RELATED CROSS-ACTIONS | |

Plaintiff and defendant submit the following updated joint case management conference statement:

1. **Jurisdiction and Service**

The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1333 because it is an admiralty maritime complaint for damage to ocean cargo. All parties have been served although the cross defendants have not yet appeared. The court granted an extension of time until April 29, 2008 for the Costco third party defendants to appear.

10520617.1

– 1 –

**2. Facts**

This is a subrogation action for damage to a shipment of frozen sardines. The shipment was transported aboard the M.V. BREMEN BRIDGE from Tacoma, WA to Tokyo, Japan. Defendant Sea Trade International issued a bill of lading governing the transportation of the shipment.

The shipment was transported in five 40' refrigerated containers. The shipment was loaded into the containers at Henningsen Cold Storage Co. ("Henningsen"), in Forest Grove, OR. Motor carrier Northwest Logistics, Inc. transported the five containers from Henningsen to Northwest Container Services, Inc. ("NWCS"), in Portland, OR, where they remained for at least three days. Motor carrier Edgmon & Sons Trucking LLC transported the loaded containers from NWCS to Tacoma, WA.

The shipment departed Tacoma, WA on or about October 7, 2006. It arrived in Tokyo, Japan on or about October 18, 2006 and was unloaded from the containers at two bonded cold storage facilities on October 26, 2006.

When the shipment was unloaded, it was placed into cold storage and held at -25°C for two months. Subsequently, the portion of the shipment in one of the containers was found to be sound but the portion of the shipment in the other four containers was found to be heavily damaged. It could not be processed as originally intended. The attending marine surveyor attributed the damage to "improper high temperature due to some cooling trouble in transit", i.e. improper refrigeration.

The product was sold for salvage with a return of only ¥ 446,600. Plaintiff paid its insured, the owner of the sardines, ¥ 8,567,868 on account of the damage or approximately US $77,125.47 @ .0900171.

Plaintiff seeks the amount that it paid to its insured, from defendant. Defendant, in turn, has filed a third party complaint against the carriers that actually transported the shipment, Cosco. Defendant filed a third party complaint against Union Pacific which it originally thought had transported the shipment but its investigation has determined that the shipment was not transported by rail at all but rather was transported by truck in the United States and by ocean

1  Not applicable.

**10. Related Cases**

None.

**11. Relief**

Plaintiff seeks to recover the amount that it paid to its insured, the owner of the shipment. That amount is set forth in the subrogation receipt as ¥ 8,567,868. Plaintiff also seeks prejudgment interest from October 26, 2006 and costs of suit. Defendant seeks indemnity from the third party defendants.

**12. Settlement and ADR**

The parties (plaintiff and defendant) have stipulated to mediation and the Court has ordered the action to mediation in the Courts' ADR program. The mediation has been scheduled for May 29, 2008 before Mediator Mathew Vafidis of Holland & Knight, San Francisco.

**13. Consent to Magistrate Judge for All Purposes**

Plaintiff and defendant are agreeable to having the matter assigned to Magistrate Judge Laporte for all purposes.

**14. Other References**

None needed at this time.

**15. Narrowing of Issues**

Not needed at this time.

**16. Expedited Schedule**

Not feasible at this time because third party defendants have not appeared in the action.

**17. Scheduling**

| | |
|---|---|
| Designation of Experts | August 30, 2008 |
| Discovery c/o | September 30, 2008 |
| Dispositive Motion Leaving | September 30, 2008 |
| Pretrial Conference | October 20, 2008 |
| Trial | November 10, 2008 |

**18. Trial**

10520617.1

-4-

This action will be tried to the Court because it is an admiralty-maritime matter.

19. **Disclosure of Non-Party Interested Entities or Persons**

Plaintiff and defendant have already filed their disclosures.

///

///

DATED: April 18, 2008

BULLIVANT HOUSER BAILEY PC

By /s/ Marilyn Raia
Marilyn Raia

Attorneys for Plaintiff Sompo Japan Insurance Inc.

DATED: April 18, 2008

ROBERTS & KEHAGIARAS LLP

By /s/ Andrew D. Kehagiaras /MR
Andrew D. Kehagiaras  w/ email permission

Attorneys for Defendant Sea Trade International, Inc.