1 | **ROBERTS & KEHAGIARAS LLP**
CAMERON W. ROBERTS, ESQ. (State Bar No. 176682)
2 | cwr@tradeandcargo.com
ANDREW D. KEHAGIARAS, ESQ. (State Bar No. 207767)
3 | adk@tradeandcargo.com
5777 West Century Boulevard, Suite 1410
4 | Los Angeles, CA  90045
Telephone: (310) 642-9800
5 | Facsimile: (310) 868-2923

6 | Attorneys for defendant and third-party plaintiff
SEA TRADE INTERNATIONAL, INC.

7

8 |                    **UNITED STATES DISTRICT COURT**

9 |      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

10

11 | SOMPO JAPAN INSURANCE, INC.,        )  **Case No. CV 07 5848 EDL**
                                     )
12 |         Plaintiff,               )  **STIPULATION AND [PROPOSED]**
                                     )  **ORDER RE: LEAVE FOR SEA TRADE**
13 |     vs.                          )  **INTERNATIONAL, INC. TO FILE A**
                                     )  **FIRST AMENDED THIRD-PARTY**
14 | SEA TRADE INTERNATIONAL, INC.,    )  **COMPLAINT**
                                     )
15 |                                  )  [Fed. R. Civ. P. 15(a)(2)]
        Defendant.                   )
16 | _____ )
                                     )
17 | SEA TRADE INTERNATIONAL, INC.,    )
                                     )
18 |                                  )
        Third-Party                  )
19 |         Plaintiff,               )
                                     )
20 |                                  )
     vs.                             )
21 |                                  )
                                     )
22 | COSCO CONTAINER LINES CO.,        )
    LTD.; COSCO CONTAINER LINES      )
23 | AMERICAS, INC.; COSCO LOGISTICS  )
    (AMERICAS) INC.; INTERMODAL      )
24 | BRIDGE TRANSPORT, INC.; UNION    )
    PACIFIC RAILROAD COMPANY; and    )
25 | ROES 1 through 10, inclusive,    )
                                     )
26 |                                  )
        Third-Party                  )
27 |         Defendants.              )
    _____ )

28

Z:\Sea Trade\Bremen Bridge\Stip Re Amended TPC.doc        STIP. RE: LEAVE TO FILE AMENDED TPC

**TO THE HONORABLE COURT:**

COME NOW defendant and third-party plaintiff Sea Trade International, Inc. ("Sea Trade") and third-party defendants COSCO Container Lines Co., Ltd., COSCO Container Lines Americas, Inc., COSCO Logistics (Americas) Inc., and Intermodal Bridge Transport, Inc. (collectively, the "COSCO Entities") and hereby stipulate to the Court's grant of leave to Sea Trade to file a first amended third-party complaint. A true and correct copy of Sea Trade's proposed first amended third-party complaint is attached hereto as Exhibit "A."

As counsel for Sea Trade stated to the Court at the initial case management conference of February 26, 2008, Sea Trade investigated the propriety of the dismissal of then third-party defendant Union Pacific Railroad Company ("UP"), based on its counsel's representations that UP did not transport the subject cargo. Counsel for Sea Trade learned that UP did not transport the subject cargo from Portland, Oregon to Tacoma, Washington, and that in fact, that transportation was not by rail at all. Counsel for Sea Trade learned that the aforementioned inland transportation was by truck, and that the motor carrier was proposed third-party defendant Edgmon & Son Trucking LLC ("Edgmon").

Based on the foregoing, Sea Trade's first amended third-party complaint set forth the identical causes of action and it will still name the COSCO Entities, and in addition, it will name Edgmon as a third-party defendant. UP will no longer be a

Z:\Sea Trade\Bremen Bridge\Stip Re Amended TPC.doc

STIP. RE: LEAVE TO FILE AMENDED TPC

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1  third-party defendant, further to the parties' stipulation to

2  dismiss UP under Federal Rule of Civil Procedure

3  41(a)(1)(A)(ii), which Sea Trade filed on April 14, 2008.

4

5  Dated: April 16, 2008          **ROBERTS & KEHAGIARAS LLP**

6

7                          By: _____

8                               Andrew D. Kehagiaras
                                Attorneys for defendant and
9                               third-party plaintiff SEA TRADE
                                INTERNATIONAL, INC.
10

11 Dated: April 16, 2008          **KEESAL, YOUNG & LOGAN**

12

13                         By: _____

14                              Margaret A. DeGooyer
                               Attorneys for third-party
15                              defendants COSCO CONTAINER LINES
                               CO., LTD., COSCO CONTAINER LINES
16                              AMERICAS, INC., COSCO LOGISTICS
                               (AMERICAS) INC., and INTERMODAL
17                              BRIDGE TRANSPORT, INC.

18

19                           **[PROPOSED] ORDER**

20      Good cause appearing, the Court hereby grants leave to Sea

21 Trade to file a first amended third-party complaint, which Sea

22 Trade shall do within three Court days of this order.

23

24      IT IS SO ORDERED.

25

26

27 Dated: _____, 2008    _____

28                              Hon. Elizabeth D. Laporte
                               United States Magistrate Judge

Z:\Sea Trade\Bremen Bridge\Stip Re Amended TPC.doc          STIP. RE: LEAVE TO FILE AMENDED TPC

1  third-party defendant, further to the parties' stipulation to

2  dismiss    UP    under    Federal    Rule    of    Civil    Procedure

3  41(a)(1)(A)(ii), which Sea Trade filed on April 14, 2008.

4

5  Dated: April 16, 2008              **ROBERTS & KEHAGIARAS LLP**

6

7                              By: _____

8                                   Andrew D. Kehagiaras
                                    Attorneys    for    defendant    and
9                                   third-party plaintiff SEA TRADE
                                    INTERNATIONAL, INC.
10

11  Dated: April 16, 2008              **KEESAL, YOUNG & LOGAN**

12

13                              By: _____
                                    Margaret A. DeGooyer
14                                  Attorneys for third-party
                                    defendants COSCO CONTAINER LINES
15                                  CO., LTD., COSCO CONTAINER LINES
                                    AMERICAS, INC., COSCO LOGISTICS
16                                  (AMERICAS) INC., and INTERMODAL
                                    BRIDGE TRANSPORT, INC.
17

18

19                              **[PROPOSED] ORDER**

20
        Good cause appearing, the Court hereby grants leave to Sea
21
    Trade to file a first amended third-party complaint, which Sea
22
    Trade shall do within three Court days of this order.
23

24
        IT IS SO ORDERED.
25

26
    Dated: _____April 21_____, 2008
27                                  Hon. Eli_____ Judge
                                    United S_____
28

                                         3

Z:\Sea Trade\Breman Bridge\Stip Re Amended TPC.doc        STIP. RE: LEAVE TO FILE AMENDED TPC

**EXHIBIT "A"**

1  **ROBERTS & KEHAGIARAS LLP**
   CAMERON W. ROBERTS, ESQ. (State Bar No. 176682)
2  cwr@tradeandcargo.com
   ANDREW D. KEHAGIARAS, ESQ. (State Bar No. 207767)
3  adk@tradeandcargo.com
   5777 West Century Boulevard, Suite 1410
4  Los Angeles, CA  90045
   Telephone: (310) 642-9800
5  Facsimile: (310) 868-2923

6  Attorneys for defendant and third-party plaintiff
   SEA TRADE INTERNATIONAL, INC.
7

8              **UNITED STATES DISTRICT COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

10

11 SOMPO JAPAN INSURANCE, INC.,        ) **Case No. CV 07 5848 EDL**
                                       )
12          Plaintiff,                 ) **SEA TRADE INTERNATIONAL, INC.'S**
                                       ) **FIRST AMENDED THIRD-PARTY**
13      vs.                            ) **COMPLAINT**
                                       )
14                                     ) [Fed. R. Civ. P. 14(a), (c)]
   SEA TRADE INTERNATIONAL, INC.,      )
15                                     )
            Defendant.                 )
16 _____ )
                                       )
17 SEA TRADE INTERNATIONAL, INC.,      )
                                       )
18          Third-Party                )
            Plaintiff,                 )
19                                     )
        vs.                            )
20                                     )
                                       )
21 COSCO CONTAINER LINES CO.,          )
   LTD.; COSCO CONTAINER LINES         )
22 AMERICAS, INC.; COSCO LOGISTICS     )
   (AMERICAS) INC.; INTERMODAL         )
23 BRIDGE TRANSPORT, INC.; EDGMON      )
   & SON TRUCKING LLC; and ROES 1      )
24 through 10, inclusive,              )
                                       )
25          Third-Party                )
            Defendants.                )
26 _____ )

27

28

---

1

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1    COMES NOW defendant and third-party plaintiff Sea Trade

2    International, Inc. ("Sea Trade") and alleges as follows:

3

4                          **JURISDICTION**

5    1.    This Court has supplemental jurisdiction over this

6    first amended third-party complaint because third-party

7    defendants COSCO Container Lines Co., Ltd., COSCO Container

8    Lines Americas, Inc., COSCO Logistics (Americas) Inc.,

9    Intermodal Bridge Transport, Inc., and/or Edgmon & Sons

10   Trucking LLC are or may be liable to Sea Trade or Sompo Japan

11   Insurance, Inc. ("Sompo") for all or part of the claims

12   asserted against Sea Trade in Sompo's complaint (the

13   "complaint") in the above-captioned action. *See* Fed. R. Civ.

14   P. 14(a) and (c), 28 U.S.C. § 1367(a).

15

16                     **GENERAL ALLEGATIONS**

17   2.    Sea Trade is, and at all material times herein was, a

18   corporation duly organized and existing according to law.

19

20   3.    Sea Trade is informed and believes, and thereon

21   alleges, that third-party defendant COSCO Container Lines Co.,

22   Ltd. is, and at all times relevant herein, was a business

23   entity authorized to do business or doing business in this

24   Judicial District and/or in interstate and international

25   commerce.

26

27   4.    Sea Trade is informed and believes, and thereon

28   alleges, that third-party defendant COSCO Container Lines

1  Americas, Inc. is, and at all times relevant herein, was a

2  business entity authorized to do business or doing business in

3  this Judicial District and/or in interstate and international

4  commerce.

5

6      5.   Sea Trade is informed and believes, and thereon

7  alleges, that third-party defendant COSCO Logistics (Americas)

8  Inc. is, and at all times relevant herein, was a business

9  entity authorized to do business or doing business in this

10 Judicial District and/or in interstate and international

11 commerce.

12

13     6.   Sea Trade is informed and believes, and thereon

14 alleges, that third-party defendant Intermodal Bridge

15 Transport, Inc. is, and at all times relevant herein, was a

16 business entity authorized to do business or doing business in

17 this Judicial District and/or in interstate and international

18 commerce.

19

20     7.   Sea Trade is informed and believes, and thereon

21 alleges, that third-party defendant Edgmon & Sons Trucking LLC

22 is, and at all times relevant herein, was a business entity

23 authorized to do business or doing business in this Judicial

24 District and/or in interstate and international commerce.

25

26     8.   Sea Trade does not know the true names and capacities

27 of the third-party defendants sued herein as Roes 1 through 10,

28 inclusive.   Sea Trade will amend or seek leave to amend its

**ROBERTS & KEHAGIARAS LLP**
www.tradeandcargo.com

3

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1  third-party complaint to allege said third-party defendants'
2  true names and capacities as soon as Sea Trade ascertains the
3  same.
4
5      9.   Sea Trade is informed and believes, and thereon
6  alleges, that at all times mentioned herein, third-party
7  defendants COSCO Container Lines Co., Ltd., COSCO Container
8  Lines Americas, Inc., COSCO Logistics (Americas) Inc.,
9  Intermodal Bridge Transport, Inc., Edgmon & Sons Trucking LLC,
10 and Roes 1 through 10, inclusive, and each of them, were and
11 have been agents, servants, employers, and/or employees of each
12 of the other third-party defendants, and each of them, as such,
13 were acting in the course and scope of their employment and/or
14 agency at all times relevant to this action.
15
16     10.  Sompo has filed its complaint in this Court against
17 Sea Trade alleging that it has caused damage to Sompo.  Sea
18 Trade has responded to Sompo's complaint by denying any
19 liability on its part and by asserting various affirmative
20 defenses.
21
22     11.  Sea Trade is informed and believes, and thereon
23 alleges, that third-party defendants COSCO Container Lines Co.,
24 Ltd., COSCO Container Lines Americas, Inc., COSCO Logistics
25 (Americas) Inc., Intermodal Bridge Transport, Inc., Edgmon &
26 Sons Trucking LLC, and Roes 1 through 10, inclusive
27 (collectively, the "Third-Party Defendants"), were negligent or
28 in breach of contract or in some other actionable manner

4

1  legally responsible for the events and happenings referred to
2  in Sompo's complaint, and for proximately causing the damages
3  and/or loss incurred by Sompo, as it has alleged in its
4  complaint. Accordingly, Sea Trade demands relief for itself,
5  as set forth herein and/or judgment against the Third-Party
6  Defendants and in favor of Sompo.

7
8                    **FIRST CAUSE OF ACTION**
9      **Indemnification Against the Third-Party Defendants**
10     12.  Sea Trade realleges and incorporates by reference
11 paragraphs 1 through 11, inclusive, of its first amended third-
12 party complaint.

13
14     13.  Sea Trade is informed and believes, and thereon
15 alleges, that it is in no way responsible for the injuries or
16 damages alleged in Sompo's complaint. But if Sea Trade is
17 nevertheless found liable under any legal theory for any
18 damages or injuries alleged in the complaint, then Sea Trade is
19 informed and believes, and thereon alleges, that the negligent
20 or other actionable conduct or activity of the Third-Party
21 Defendants, and each of them, was active, primary, and
22 affirmative, and that any negligent or other actionable conduct
23 or activity on the part of Sea Trade, if any, was, at most,
24 only passive, derivative, and secondary.

25
26     14.  Accordingly, if Sea Trade is held liable for any part
27 of the claims asserted against it, Sea Trade is entitled to
28 total indemnification from the Third-Party Defendants, and each

**ROBERTS & KEHAGIARAS LLP**
www.tradeandcargo.com

5

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1  of them, so that Sea Trade can recoup from and be reimbursed by

2  the Third-Party Defendants, and each of them, any sum or sums

3  that Sea Trade must pay to Sompo or to any other party to this

4  action.

5

6      15.  By reason of the foregoing allegations, Sea Trade has

7  incurred and/or paid expenses for the defense of the above-

8  captioned lawsuit, including, but not limited to, attorneys'

9  fees, court costs, expenses, and damages.  Sea Trade will also

10  likely incur future additional attorneys' fees, court costs,

11  expenses, and damages by reason of any judgment or settlement

12  with any party to this action.  Based on the foregoing, Sea

13  Trade seeks and is entitled to be indemnified and held harmless

14  by the Third-Party Defendants, and each of them, for Sea

15  Trade's attorneys' fees, court costs, expenses, and damages

16  incurred, paid, and/or owing.  The aforementioned expenses are

17  continuing and the aggregate amount is not presently known to

18  Sea Trade, which prays for leave to amend its third-party

19  complaint to assert the true amount of such expenses when Sea

20  Trade has finally ascertained the same.

21

22              **SECOND CAUSE OF ACTION**

23          **Partial Equitable Indemnification**

24          **Against the Third-Party Defendants**

25      16.  Sea Trade realleges and incorporates by reference

26  paragraphs 1 through 15, inclusive, of its first amended third-

27  party complaint.

28

Z:\Sea Trade\Bremen Bridge\Third-Party Complaint--ii.doc          FIRST AMENDED THIRD-PARTY COMPLAINT

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1    17.  Sea Trade is informed and believes, and thereon
2    alleges, that it is in no way responsible for the injuries or
3    damages alleged in Sompo's complaint.  But if Sea Trade is
4    nevertheless found liable under any legal theory for any
5    damages or injuries alleged in the complaint, then Sea Trade is
6    informed and believes, and thereon alleges, that the negligent
7    or other actionable conduct or activity of the Third-Party
8    Defendants, and each of them, was, at least in part, the
9    contributing and substantial proximate cause of Sompo's damages
10   and injuries, if any.

11

12   18.  By reason of the foregoing allegations, Sea Trade
13   will be damaged to the extent that it must pay any sum, or any
14   sum in excess of its proportionate share of liability, if any,
15   as assessed by the trier of fact.

16

17   19.  Accordingly, if Sea Trade were to be held liable for
18   any part of the claims asserted against it, Sea Trade would be
19   entitled to partial equitable indemnification by the Third-
20   Party Defendants, and each of them, in proportion those
21   parties' share of the liability, so that Sea Trade would avoid
22   payment of any sum or sums to Sompo or any other party, or any
23   sum in excess of Sea Trade's proportionate share of liability,
24   if any.

25

26   20.  By reason of the foregoing allegations, Sea Trade has
27   incurred and/or paid expenses for the defense of the above-
28   captioned lawsuit, including, but not limited to, attorneys'

7

1  fees, court costs, expenses, and damages.  Sea Trade will also

2  likely incur future additional attorneys' fees, court costs,

3  expenses, and damages by reason of any judgment or settlement

4  with any party to this action.  Based on the foregoing, Sea

5  Trade seeks and is entitled to be indemnified and held

6  harmless, at least in part, by the Third-Party Defendants, and

7  each of them, for Sea Trade's attorneys' fees, court costs,

8  expenses, and damages incurred, paid, and/or owing.  The

9  aforementioned expenses are continuing and the aggregate amount

10  is not presently known to Sea Trade, which prays for leave to

11  amend its third-party complaint to assert the true amount of

12  such expenses when Sea Trade has finally ascertained the same.

13

14  ### THIRD CAUSE OF ACTION

15  ### Contribution Against the Third-Party Defendants

16      21.  Sea Trade realleges and incorporates by reference

17  paragraphs 1 through 20, inclusive, of its first amended third-

18  party complaint.

19

20      22.  Sea Trade is informed and believes, thereon alleges,

21  that it is in no way responsible for the injuries or damages

22  alleged in Sompo's complaint.  But if Sea Trade is nevertheless

23  found liable under any legal theory for any damages or injuries

24  alleged in the complaint, then Sea Trade is informed and

25  believes, and thereon alleges, that the negligent or other

26  actionable conduct or activity of the Third-Party Defendants,

27  and each of them, was the contributing and substantial

28  proximate cause of Sompo's damages and injuries, if any.

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

8

FIRST AMENDED THIRD-PARTY COMPLAINT

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1    23. By reason of the foregoing allegations, Sea Trade

2    will be damaged to the extent that it must pay any sum, or any

3    sum in excess of its proportionate share of liability, if any,

4    as assessed by the trier of fact.

5

6    24. Accordingly, if Sea Trade were to be held liable for

7    any part of the claims asserted against it, Sea Trade would be

8    entitled to contribution by the Third-Party Defendants, and

9    each of them, in proportion those parties' share of the

10    liability, so that Sea Trade would avoid payment of any sum or

11    sums to Sompo's or any other party, or any sum in excess of Sea

12    Trade's proportionate share of liability, if any.

13

14    25. By reason of the foregoing allegations, Sea Trade has

15    incurred and/or paid expenses for the defense of the above-

16    captioned lawsuit, including, but not limited to, attorneys'

17    fees, court costs, expenses, and damages. Sea Trade will also

18    likely incur future additional attorneys' fees, court costs,

19    expenses, and damages by reason of any judgment or settlement

20    with any party to this action. Based on the foregoing, Sea

21    Trade seeks and is entitled to be indemnified and held harmless

22    by the Third-Party Defendants, and each of them, for Sea

23    Trade's attorneys' fees, court costs, expenses, and damages

24    incurred, paid, and/or owing. The aforementioned expenses are

25    continuing and the aggregate amount is not presently known to

26    Sea Trade, which prays for leave to amend its third-party

27    complaint to assert the true amount of such expenses when Sea

28    Trade has finally ascertained the same.

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

1    WHEREAS, Sea Trade prays for judgment on its first amended

2    third-party complaint as follows:

3        1.    For a judgment against the Third-Party Defendants,

4    and each of them, and in favor of Sompo;

5

6        2.    For a judgment against the Third-Party Defendants,

7    and each of them, by way of total indemnification for any sum

8    adjudged against Sea Trade, if any, in favor of Sompo or any

9    other party herein;

10

11       3.    For a judgment against the Third-Party Defendants,

12   and each of them, by way of contribution and/or partial

13   equitable indemnification, according to proof of contributory

14   and/or comparative liability for any sum adjudged against Sea

15   Trade, if any, in favor of Sompo, or any other parties herein,

16   which sum is in excess of the proportionate share of Sea

17   Trade's liability, if any, as assessed by the trier of fact;

18

19       4.    For a judgment against the Third-Party Defendants,

20   and each of them, for Sea Trade's attorneys' fees, court costs,

21   expenses, and damages incurred in the litigation against Sompo

22   and other parties, and expense and other costs of suit incurred

23   herein; and

24   ///

25   ///

26   ///

27   ///

28   ///

10

1    5.    For such other and further relief as the Court deems

2  just and proper.

3

4  Dated: April __, 2008          **ROBERTS & KEHAGIARAS LLP**

5

6

7                          By: _____

8                              Andrew D. Kehagiaras
                               Attorneys    for    defendant    and
9                              third-party  plaintiff  SEA  TRADE
                               INTERNATIONAL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Z:\Sea Trade\Bremen Bridge\Third-Party Complaint--ii.doc          FIRST AMENDED THIRD-PARTY COMPLAINT