| | |
|---|---|
| 1 | JOHN D. GIFFIN, CASB NO. 89608 |
| | MARGARET A. DEGOOYER, CASB NO. 234839 |
| 2 | KEESAL, YOUNG & LOGAN |
| | A Professional Corporation |
| 3 | Four Embarcadero Center, Suite 1500 |
| | San Francisco, California 94111 |
| 4 | Telephone:   (415) 398-6000 |
| | Facsimile:   (415) 981-0136 |
| 5 | |
| | Attorneys for Third-Party Defendant |
| 6 | COSCO CONTAINER LINES CO., LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE, INC., | ) | Case No. 07 CV 5848 EDL |
| Plaintiff, | ) | |
| vs. | ) | **ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES CO., LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT** |
| SEA TRADE INTERNATIONAL, INC., | ) | |
| Defendant. | ) | |
| | ) | |
| SEA TRADE INTERNATIONAL, INC., | ) | |
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
| COSCO CONTAINER LINES CO., LTD.; COSCO CONTAINER LINES AMERICAS, INC.; COSCO LOGISTICS (AMERICAS), INC.; INTERMODAL BRIDGE TRANSPORT, INC.; EDGMOM & SON TRUCKING LLC; and ROES 1 through 10, inclusive, | ) | |
| Third-Party Defendants. | ) | |

Third-Party Defendant COSCO CONTAINER LINES CO., LTD. ("COSCO") hereby answers the Third-Party Complaint ("Complaint") of SEA TRADE INTERNATIONAL, INC. ("Sea Trade") as follows:

- 1 -

KYL_SF462008

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

1.	COSCO denies the allegation contained in paragraph 1 of the Complaint that this Court has supplemental jurisdiction over this Complaint.  COSCO has insufficient knowledge or information to properly respond to the additional allegations contained in paragraph 1 of the Complaint and, therefore, based upon its lack of information and belief, denies those allegations.

2.	COSCO has insufficient knowledge or information to properly respond to the allegations contained in paragraphs 2, 4, 5, 6, 7, 8, 9, 10, 14, 15, 18, 19, 20 of the Complaint and, therefore, based upon its lack of information and belief, denies in their entirety the allegations contained therein.

3.	COSCO admits the allegation contained in paragraph 3 of the Complaint that COSCO is authorized to do business in the State of California.   COSCO has insufficient knowledge or information to properly respond to the additional allegations contained in paragraph 3 of the Complaint and, therefore, based upon its lack of information and belief, denies those allegations.

4.	COSCO denies the allegation in paragraph 11 that COSCO was negligent or in breach of contract or in some other actionable manner legally responsible for events and happenings referred to in Sompo's Complaint or loss incurred by Sompo.  COSCO has insufficient knowledge or information to properly respond to the additional allegations contained in paragraph 11 of the Complaint and, therefore, based upon its lack of information and belief, denies those allegations.

5.	COSCO denies allegations contained in paragraphs 13, 17, and 22 with respect to negligent or other actionable conduct or activity on the part of COSCO as a Third-Party Defendant. COSCO has insufficient knowledge or information to properly respond to the additional allegations contained in paragraphs 13, 17, and 22 of the Complaint and, therefore, based upon its lack of information and belief, denies those allegations.

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

6. COSCO repeats and realleges its responses: to paragraphs 1 through 11 of the Complaint as its response to paragraph 12, to paragraphs 1 through 15 of the Complaint as its response to paragraph 16, and to paragraphs 1 through 20 of the Complaint as its response to paragraph 21.

**<u>AFFIRMATIVE DEFENSES</u>**

COSCO asserts the following affirmative defenses with respect to the Complaint.

7. FOR A FIRST AFFIRMATIVE DEFENSE, COSCO asserts, relies on and incorporates by reference as though fully set forth herein, each and every defense and limitation contained in or made available to COSCO by the terms of the applicable bills of lading or contracts of carriage, and/or forwarders cargo receipts, including the forum selection clause contained in the applicable bill(s) of lading. If the subject cargo sustained any loss and/or damage as alleged, or otherwise, which is denied, that loss and/or damage resulted from one or more of the clauses in the bills of lading or contracts of carriage, which exempt COSCO from liability.

8. FOR A SECOND AFFIRMATIVE DEFENSE, COSCO alleges that the shipment was subject to the United States Carriage of Goods by Sea Act 1936 ("COGSA"), 46 U.S.C. § 1300, *et seq*. The damage to the shipment, if any, as alleged, or otherwise, resulted from one or more causes set forth in COGSA which exempts COSCO from any liability.

9. FOR A THIRD AFFIRMATIVE DEFENSE, COSCO states that if it is found to be liable for loss herein, that it is entitled to indemnification by shipper herein as provided in COGSA, 46 U.S.C. § 1303(5), as incorporated by the applicable contracts of afreightment.

10. FOR A FOURTH AFFIRMATIVE DEFENSE, COSCO alleges that its liability, if any, is limited to $500.00 per package or customary freight unit.

11.   FOR A FIFTH AFFIRMATIVE DEFENSE, COSCO alleges that any damage and/or loss to the subject cargo was caused either solely or partially by the negligence and carelessness of Sea Trade or Cross-Complainant, its agents or servants, its predecessors in interest, or by the negligence of persons other than COSCO.

12.   FOR A SIXTH AFFIRMATIVE DEFENSE, COSCO alleges that any damage and/or loss to the subject cargo was caused either solely or partially by persons, corporations or entities other than COSCO.  COSCO alleges that those persons, corporations or entities, are at fault and responsible in some manner for the damage alleged by Plaintiff and Sea Trade in that said fault comparatively reduces the percentage of fault, if any of COSCO.

13.   FOR A SEVENTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by latent defects not discoverable by due diligence.

14.   FOR AN EIGHTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by the improper handling and/or storage of the subject goods after delivery of the goods to Plaintiff, Sea Trade or others.

15.   FOR A NINTH AFFIRMATIVE DEFENSE, COSCO states that if the said containers were deposited with COSCO, COSCO used all due care and diligence for the care and preservation thereof and its loss was caused without any fault or breach on the part of COSCO.

16.   FOR A TENTH AFFIRMATIVE DEFENSE, COSCO alleges that Plaintiff and Sea Trade assumed any risk or hazard that existed at the time of its loss thereby relieving COSCO of any legal duty to protect Plaintiff or Sea Trade from risk or hazard.

- 4 -

ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT

KYL_SF462008

17. FOR AN ELEVENTH AFFIRMATIVE DEFENSE, COSCO alleges that Plaintiff and Cross-Complainant consented to the alleged acts or omissions that resulted in any loss, thus barring recovery.

18. FOR A TWELFTH AFFIRMATIVE DEFENSE, COSCO alleges that Sea Trade's claims in the Third-Party Complaint are barred by the relevant statute of limitations including, but not limited to COGSA, 46 U.S.C. § 1303 (as a matter of law and contract).

19. FOR A THIRTEENTH AFFIRMATIVE DEFENSE, COSCO alleges if COSCO is in any way found liable for any damages alleged in the Third-Party Complaint, COSCO is entitled to indemnity and contribution from other persons, corporations or entities.

20. FOR A FOURTEENTH AFFIRMATIVE DEFENSE, COSCO alleges that Sea Trade and Plaintiff failed to exercise reasonable care and due diligence to mitigate their damages.

21. FOR A FIFTEENTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by inherent defect, quality or a vice of the subject goods.

22. FOR A SIXTEENTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by insufficiency of packing.

23. FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by an act of God.

24. FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, COSCO states that Sea Trade's common law claims are preempted by Federal Law.

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

25. FOR A NINETEENTH AFFIRMATIVE DEFENSE, COSCO states that the Cross-Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

26. FOR A TWENTIETH AFFIRMATIVE DEFENSE, COSCO states that this dispute arises out of the applicable bills of lading or contracts of carriage, and/or forwarders cargo receipts and is therefore subject to the forum selection clauses contained therein, including the forum selection clause found at paragraph 26 of the COSCO bill of lading at issue stating that "any action against the Carrier shall be brought before the Shanghai Maritime Court or other maritime courts in the People's Republic of China."

WHEREFORE, COSCO prays for judgment as follows:

1. That Sea Trade take nothing by way of its Complaint herein;
2. That judgment be entered in favor of COSCO and against Sea Trade on all causes of action;
3. That COSCO be awarded costs of suit incurred herein; and
4. That COSCO be awarded such other and further relief as the Court deems just and proper.

DATED: April 29, 2008

/s/ Margaret A. DeGooyer
JOHN D. GIFFIN
MARGARET A. DEGOOYER
KEESAL, YOUNG & LOGAN
Attorneys for Third-Party Defendant
COSCO CONTAINER LINES CO., LTD.

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

| | |
|---|---|
| 1 | JOHN D. GIFFIN, CASB NO. 89608<br>MARGARET A. DEGOOYER, CASB NO. 234839 |
| 2 | KEESAL, YOUNG & LOGAN<br>A Professional Corporation |
| 3 | Four Embarcadero Center, Suite 1500<br>San Francisco, California 94111 |
| 4 | Telephone:   (415) 398-6000<br>Facsimile:    (415) 981-0136 |
| 5 | |
| 6 | Attorneys for Third-Party Defendant<br>COSCO CONTAINER LINES CO., LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE, INC., | ) | Case No. 07 CV 5848 EDL |
| Plaintiff, | ) | |
| vs. | ) | **ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES CO., LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT** |
| SEA TRADE INTERNATIONAL, INC., | ) | |
| Defendant. | ) | |
| | ) | |
| SEA TRADE INTERNATIONAL, INC., | ) | |
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
| COSCO CONTAINER LINES CO., LTD.; COSCO CONTAINER LINES AMERICAS, INC.; COSCO LOGISTICS (AMERICAS), INC.; INTERMODAL BRIDGE TRANSPORT, INC.; EDGMOM & SON TRUCKING LLC; and ROES 1 through 10, inclusive, | ) | |
| Third-Party Defendants. | ) | |

Third-Party Defendant COSCO CONTAINER LINES CO., LTD. ("COSCO") hereby answers the Third-Party Complaint ("Complaint") of SEA TRADE INTERNATIONAL, INC. ("Sea Trade") as follows:

- 1 -

KYL_SF462008

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

1.	COSCO denies the allegation contained in paragraph 1 of the Complaint that this Court has supplemental jurisdiction over this Complaint.  COSCO has insufficient knowledge or information to properly respond to the additional allegations contained in paragraph 1 of the Complaint and, therefore, based upon its lack of information and belief, denies those allegations.

2.	COSCO has insufficient knowledge or information to properly respond to the allegations contained in paragraphs 2, 4, 5, 6, 7, 8, 9, 10, 14, 15, 18, 19, 20 of the Complaint and, therefore, based upon its lack of information and belief, denies in their entirety the allegations contained therein.

3.	COSCO admits the allegation contained in paragraph 3 of the Complaint that COSCO is authorized to do business in the State of California.   COSCO has insufficient knowledge or information to properly respond to the additional allegations contained in paragraph 3 of the Complaint and, therefore, based upon its lack of information and belief, denies those allegations.

4.	COSCO denies the allegation in paragraph 11 that COSCO was negligent or in breach of contract or in some other actionable manner legally responsible for events and happenings referred to in Sompo's Complaint or loss incurred by Sompo.  COSCO has insufficient knowledge or information to properly respond to the additional allegations contained in paragraph 11 of the Complaint and, therefore, based upon its lack of information and belief, denies those allegations.

5.	COSCO denies allegations contained in paragraphs 13, 17, and 22 with respect to negligent or other actionable conduct or activity on the part of COSCO as a Third-Party Defendant.  COSCO has insufficient knowledge or information to properly respond to the additional allegations contained in paragraphs 13, 17, and 22 of the Complaint and, therefore, based upon its lack of information and belief, denies those allegations.

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

6. COSCO repeats and realleges its responses: to paragraphs 1 through 11 of the Complaint as its response to paragraph 12, to paragraphs 1 through 15 of the Complaint as its response to paragraph 16, and to paragraphs 1 through 20 of the Complaint as its response to paragraph 21.

## **AFFIRMATIVE DEFENSES**

COSCO asserts the following affirmative defenses with respect to the Complaint.

7. FOR A FIRST AFFIRMATIVE DEFENSE, COSCO asserts, relies on and incorporates by reference as though fully set forth herein, each and every defense and limitation contained in or made available to COSCO by the terms of the applicable bills of lading or contracts of carriage, and/or forwarders cargo receipts, including the forum selection clause contained in the applicable bill(s) of lading. If the subject cargo sustained any loss and/or damage as alleged, or otherwise, which is denied, that loss and/or damage resulted from one or more of the clauses in the bills of lading or contracts of carriage, which exempt COSCO from liability.

8. FOR A SECOND AFFIRMATIVE DEFENSE, COSCO alleges that the shipment was subject to the United States Carriage of Goods by Sea Act 1936 ("COGSA"), 46 U.S.C. § 1300, *et seq*. The damage to the shipment, if any, as alleged, or otherwise, resulted from one or more causes set forth in COGSA which exempts COSCO from any liability.

9. FOR A THIRD AFFIRMATIVE DEFENSE, COSCO states that if it is found to be liable for loss herein, that it is entitled to indemnification by shipper herein as provided in COGSA, 46 U.S.C. § 1303(5), as incorporated by the applicable contracts of afreightment.

10. FOR A FOURTH AFFIRMATIVE DEFENSE, COSCO alleges that its liability, if any, is limited to $500.00 per package or customary freight unit.

11.     FOR A FIFTH AFFIRMATIVE DEFENSE, COSCO alleges that any damage and/or loss to the subject cargo was caused either solely or partially by the negligence and carelessness of Sea Trade or Cross-Complainant, its agents or servants, its predecessors in interest, or by the negligence of persons other than COSCO.

12.     FOR A SIXTH AFFIRMATIVE DEFENSE, COSCO alleges that any damage and/or loss to the subject cargo was caused either solely or partially by persons, corporations or entities other than COSCO.  COSCO alleges that those persons, corporations or entities, are at fault and responsible in some manner for the damage alleged by Plaintiff and Sea Trade in that said fault comparatively reduces the percentage of fault, if any of COSCO.

13.     FOR A SEVENTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by latent defects not discoverable by due diligence.

14.     FOR AN EIGHTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by the improper handling and/or storage of the subject goods after delivery of the goods to Plaintiff, Sea Trade or others.

15.     FOR A NINTH AFFIRMATIVE DEFENSE, COSCO states that if the said containers were deposited with COSCO, COSCO used all due care and diligence for the care and preservation thereof and its loss was caused without any fault or breach on the part of COSCO.

16.     FOR A TENTH AFFIRMATIVE DEFENSE, COSCO alleges that Plaintiff and Sea Trade assumed any risk or hazard that existed at the time of its loss thereby relieving COSCO of any legal duty to protect Plaintiff or Sea Trade from risk or hazard.

17. FOR AN ELEVENTH AFFIRMATIVE DEFENSE, COSCO alleges that Plaintiff and Cross-Complainant consented to the alleged acts or omissions that resulted in any loss, thus barring recovery.

18. FOR A TWELFTH AFFIRMATIVE DEFENSE, COSCO alleges that Sea Trade's claims in the Third-Party Complaint are barred by the relevant statute of limitations including, but not limited to COGSA, 46 U.S.C. § 1303 (as a matter of law and contract).

19. FOR A THIRTEENTH AFFIRMATIVE DEFENSE, COSCO alleges if COSCO is in any way found liable for any damages alleged in the Third-Party Complaint, COSCO is entitled to indemnity and contribution from other persons, corporations or entities.

20. FOR A FOURTEENTH AFFIRMATIVE DEFENSE, COSCO alleges that Sea Trade and Plaintiff failed to exercise reasonable care and due diligence to mitigate their damages.

21. FOR A FIFTEENTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by inherent defect, quality or a vice of the subject goods.

22. FOR A SIXTEENTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by insufficiency of packing.

23. FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, COSCO states that any damage to Plaintiff's goods or loss to Plaintiff or Sea Trade, if any, was caused by an act of God.

24. FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, COSCO states that Sea Trade's common law claims are preempted by Federal Law.

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

25. FOR A NINETEENTH AFFIRMATIVE DEFENSE, COSCO states that the Cross-Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

26. FOR A TWENTIETH AFFIRMATIVE DEFENSE, COSCO states that this dispute arises out of the applicable bills of lading or contracts of carriage, and/or forwarders cargo receipts and is therefore subject to the forum selection clauses contained therein, including the forum selection clause found at paragraph 26 of the COSCO bill of lading at issue stating that "any action against the Carrier shall be brought before the Shanghai Maritime Court or other maritime courts in the People's Republic of China."

WHEREFORE, COSCO prays for judgment as follows:

1. That Sea Trade take nothing by way of its Complaint herein;

2. That judgment be entered in favor of COSCO and against Sea Trade on all causes of action;

3. That COSCO be awarded costs of suit incurred herein; and

4. That COSCO be awarded such other and further relief as the Court deems just and proper.

DATED: April 29, 2008

/s/ Margaret A. DeGooyer
JOHN D. GIFFIN
MARGARET A. DEGOOYER
KEESAL, YOUNG & LOGAN
Attorneys for Third-Party Defendant
COSCO CONTAINER LINES CO., LTD.

ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT

# PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years, and I am not a party to the within action. My business address is Four Embarcadero Center, Suite 1500, San Francisco, CA 94111, and my telephone number is (415) 398-6000.

On the date indicated below, I served a true copy of the following document(s):

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES CO., LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

☒ **BY E-MAIL:** I caused such document(s) to be served electronically on all parties via the United States District Court's Northern District ECF e-filing system.

☒ Pursuant to California Rules of Court, Rule 201, and the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by section 42202 of the Public Resources Code.

Executed on April 29, 2008 at San Francisco, California.

/s/ Rina D. Horenian
Rina D. Horenian

- 7 -   KYL_SF462008

**ANSWER OF THIRD PARTY DEFENDANT COSCO CONTAINER LINES, LTD. TO SEA TRADE INTERNATIONAL, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**